

U. S. Department of Justice
*United States Attorney*
*District of Nevada*
333 Las Vegas Blvd., S., Suite 5000
Las Vegas, NV 89101

1  DANIEL G. BOGDEN
   United States Attorney
2  ERIC JOHNSON
   Chief, Organized Crime Strike Force
3  KIMBERLY M. FRAYN
   Organized Crime Strike Force
4  Assistant United States Attorney
   333 Las Vegas Blvd., South, Suite 5000
5  Las Vegas, Nevada  89101
   (702) 388-6050
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | SUPERSEDING CRIMINAL INDICTMENT |
| PLAINTIFF, | 2:05-CR-00329-KJD(LRL) |
| VS. | VIOLATION: |
| TERRYE J. ARMSTEAD, DENISE DORSEY, a.k.a. Jozee Riley, DENISE SPRATLEY, NANCY FLEMING, and NAOMI BROUSSARD, | 18 U.S.C. § 371 - Conspiracy to Commit Bank Fraud, and to Make, Utter and Pass Counterfeit Securities<br>18 U.S.C. § 1344 - Bank Fraud<br>18 U.S.C. § 2 - Aiding and Abetting |
| DEFENDANTS. | |

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**
Conspiracy to Commit Bank Fraud, and
to Make, Utter and Pass Counterfeit Securities

1. From a date unknown but not later than on or about January 12, 2005, to on or about August 3, 2005, in the State and Federal District of Nevada and elsewhere,

**TERRYE J. ARMSTEAD,
DENISE DORSEY, a.k.a. JOZEE RILEY,
DENISE SPRATLEY,
NANCY FLEMING, and
NAOMI BROUSSARD,**

defendants herein, and other persons known and unknown to the Grand Jury, did knowingly,

willfully, and unlawfully agree, confederate, and conspire together and with each other to commit Bank Fraud, in violation of Title 18, United States Code, Section 1344, and to Make, Utter and Pass Counterfeit Securities, in violation of Title 18, United States Code, Section 513(a).

Objective of the Conspiracy

2. The principal objective of the conspiracy was to create counterfeit securities, that is checks, which the defendants and their co-conspirators possessed and passed to obtain funds from Bank of America corporate bank account holders in order to obtain by means of fraud and false and fraudulent pretenses, representations and promises, the monies, funds and assets owned by and under the control of Bank of America, a federally insured financial institution, for their own personal benefit and the benefit of their co-conspirators.

Manner and Means

3. The manner and means by which the objective of the conspiracy was accomplished include, but are not limited to, the following:

An unknown co-conspirator created counterfeit securities, that is checks, drawn against various corporate accounts at Bank of America and provided the counterfeit checks to Defendant **DORSEY**. Defendant **DORSEY** recruited and caused others to recruit defendants **ARMSTEAD, SPRATLEY, FLEMING, BROUSSARD,** and others known and unknown to the grand jury. Defendants **ARMSTEAD, SPRATLEY, FLEMING, BROUSSARD,** and others known and unknown to the grand jury, did pass and did attempt to pass counterfeit checks given to them by **DORSEY,** and by others on **DORSEY's** behalf, made payable to the defendants and their co-conspirators and drawn against various Bank of America account holders' corporate bank accounts. The defendants and their co-conspirators did not have lawful authority to access the Bank of America account holders' corporate bank accounts. After the defendants and their co- conspirators did fraudulently

negotiate counterfeit checks against Bank of America account holders' corporate bank accounts, the defendants used the monies, funds, credits, assets, securities, and other properties illegally obtained thereby for their own benefit and the benefit of their co-conspirators.

Overt Acts

4.  In furtherance of the conspiracy and to effect the objective of the conspiracy, the defendants committed, and caused to be committed, the following overt acts, among others:

a.  On or about the below dates, defendants **DORSEY, ARMSTEAD, SPRATLEY, FLEMING, BROUSSARD,** and other co-conspirators, aiding and abetting one another, did make, utter and possess counterfeit securities, that is checks, made payable to the defendants and their co-conspirators drawn against Bank of America account holders' corporate bank accounts without the account holders' knowledge and permission. The persons listed below then did negotiate and did attempt to negotiate said counterfeit checks at various Bank of America branches in and around Las Vegas, Nevada, for the personal benefit of the defendants and their co-conspirators.

| Account Holder | Date | Check No. | Amount | Person Negotiating |
| --- | --- | --- | --- | --- |
| SNA Construction Services | 1/12/05 | 55168 | $996.32 | **NANCY FLEMING** |
| SNA Construction Services | 1/12/05 | 55183 | $2,398.24 | **DENISE SPRATLEY** |
| Nasti Inc. | 1/18/05 | 1677 | $2,569.21 | **DENISE SPRATLEY** |
| Nasti Inc. | 1/18/05 | 1679 | $2,483.20 | **NANCY FLEMING** |
| American Band Accessories | 1/18/05 | 4918 | $2,482.76 | **DENISE SPRATLEY** |
| American Band Accessories | 1/18/05 | 4920 | $2,390.08 | **NANCY FLEMING** |
| Aspen Research | 1/25/05 | 1701 | $2,316.08 | **DENISE SPRATLEY** |
| Aspen Research | 1/25/05 | 1733 | $2,287.04 | **NANCY FLEMING** |

. . .

| | Account Holder | Date | Check No. | Amount | Person Negotiating |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | Fisher Pen Company | 2/1/05 | 17303 | $2,290.50 | **DENISE SPRATLEY** |
| 3 | Fisher Pen Company | 2/1/05 | 17305 | $2,075.00 | **NANCY FLEMING** |
| 4 | Greater Foods | 2/7/05 | 9711 | $2,362.60 | **NANCY FLEMING** |
| 5 | Greater Foods | 2/9/05 | 9724 | $2,281.20 | **DENISE SPRATLEY** |
| 6 | The Gaul Group Inc | 2/23/05 | 3528 | $2,049.22 | **DENISE SPRATLEY** |
| 7 | Universal Merchant Services Inc | 2/23/05 | 1092 | $2,009.68 | **DENISE SPRATLEY** |
| 8 | | | | | |
| 9 | Worden's Insurance Agency | 3/21/05 | 28665 | $1,954.05 | **DENISE SPRATLEY** |
| 10 | | | | | |
| 11 | Alliance Estate Planning Inc. | 2/21/05 | 1968 | $2,260.25 | **DENISE SPRATLEY** |
| 12 | Casino Concepts & Design | 3/28/05 | 2110 | $2,152.01 | **DENISE SPRATLEY** |
| 13 | | | | | |
| 14 | Relocation Mgmt Resources Inc | 4/4/05 | 14502 | $2,213.16 | **DENISE SPRATLEY** |
| 15 | | | | | |
| 16 | Carson Valley Precision LLC | 4/11/05 | 4464 | $2,365.90 | **DENISE SPRATLEY** |
| 17 | | | | | |
| 18 | Bentley Holdings California LP | 4/15/05 | 3615 | $2,218.78 | **DENISE SPRATLEY** |
| 19 | | | | | |
| | Metric Motors Ltd | 6/9/05 | 14580 | $2,281.48 | **DENISE SPRATLEY** |
| 20 | | | | | |
| 21 | Health First Technologies Inc | 6/9/05 | 71032 | $2,419.43 | **DENISE SPRATLEY** |
| 22 | | | | | |
| 23 | Fernley Truck Inn Inc | 6/10/05 | 20919 | $2,348.65 | **DENISE SPRATLEY** |
| 24 | Yorke Equipment Company | 6/24/05 | 11214 | $2,411.07 | **NAOMI BROUSSARD** |
| 25 | Southwest Strategies Inc | 6/27/05 | 4400 | $4,378.96 | **NAOMI BROUSSARD** |
| 26 | . . . | | | | |

| Account Holder | Date | Check No. | Amount | Person Negotiating |
|---|---|---|---|---|
| E & R Electric | 6/27/05 | 10070 | $4,251.06 | **NAOMI BROUSSARD** |
| Marquis Management Inc | 7/25/05 | 1503 | $2,214.30 | **TERRYE ARMSTEAD** |

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH TWENTY-EIGHT
### Bank Fraud

1. The factual allegations of Count One of this Indictment are incorporated by reference.

2. On or about the below dates, in the State and Federal District of Nevada and elsewhere,

**TERRYE J. ARMSTEAD,
DENISE DORSEY, aka JOZEE RILEY, and
DENISE SPRATLEY,
NANCY FLEMING, and
NAOMI BROUSSARD,**

defendants, herein, and others known and unknown to the Grand Jury, did knowingly and with intent to defraud, devise and execute a scheme and artifice to defraud Bank of America, a federally insured financial institution, as to a material matter, and a scheme and artifice to obtain monies, funds credits, assets, securities and other property owned by and under the custody and control of Bank of America by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, with each unauthorized negotiation and attempted negotiation set forth below constituting a separate violation of Title 18, United States Code, Sections 1344 and 2.

| Count | Account Holder | Date | Amount | Negotiator |
|---|---|---|---|---|
| TWO | SNA Construction Services | 1/12/05 | $996.32 | **FLEMING** |
| THREE | SNA Construction Services | 1/12/05 | $2,398.24 | **SPRATLEY** |
| FOUR | Nasti Inc. | 1/18/05 | $2,569.21 | **SPRATLEY** |

| Count | Account Holder | Date | Amount | Negotiator |
|---|---|---|---|---|
| FIVE | Nasti Inc. | 1/18/05 | $2,483.20 | **FLEMING** |
| SIX | American Band Accessories | 1/18/05 | $2,482.76 | **SPRATLEY** |
| SEVEN | American Band Accessories | 1/18/05 | $2,390.08 | **FLEMING** |
| EIGHT | Aspen Research | 1/25/05 | $2,316.08 | **SPRATLEY** |
| NINE | Aspen Research | 1/25/05 | $2,287.04 | **FLEMING** |
| TEN | Fisher Pen Company | 2/1/05 | $2,290.50 | **SPRATLEY** |
| ELEVEN | Fisher Pen Company | 2/1/05 | $2,075.00 | **FLEMING** |
| TWELVE | Greater Foods | 2/7/05 | $2,362.60 | **FLEMING** |
| THIRTEEN | Greater Foods | 2/9/05 | $2,281.20 | **SPRATLEY** |
| FOURTEEN | The Gaul Group Inc | 2/23/05 | $2,049.22 | **SPRATLEY** |
| FIFTEEN | Universal Merchant Services Inc | 2/23/05 | $2,009.68 | **SPRATLEY** |
| SIXTEEN | Worden's Insurance Agency | 3/21/05 | $1,954.05 | **SPRATLEY** |
| SEVENTEEN | Alliance Estate Planning Inc. | 2/21/05 | $2,260.25 | **SPRATLEY** |
| EIGHTEEN | Casino Concepts & Design | 3/28/05 | $2,152.01 | **SPRATLEY** |
| NINETEEN | Relocation Mgmt Resources Inc | 4/4/05 | $2,213.16 | **SPRATLEY** |
| TWENTY | Carson Valley Precision LLC | 4/11/05 | $2,365.90 | **SPRATLEY** |
| TWENTY ONE | Bentley Holdings California LP | 4/15/05 | $2,218.78 | **SPRATLEY** |
| TWENTY TWO | Metric Motors Ltd | 6/9/05 | $2,281.48 | **SPRATLEY** |
| TWENTY THREE | Health First Technologies Inc | 6/9/05 | $2,419.43 | **SPRATLEY** |

| | | | | | |
|---|---|---|---|---|---|
| 1 | TWENTY FOUR | Fernley Truck Inn Inc | 6/10/05 | $2,348.65 | **SPRATLEY** |
| 2 | TWENTY FIVE | Yorke Equipment Company | 6/24/05 | $2,411.07 | **BROUSSARD** |
| 3 4 | TWENTY SIX | Southwest Strategies Inc | 6/27/05 | $4,378.96 | **BROUSSARD** |
| 5 | TWENTY SEVEN | E & R Electric | 6/27/05 | $4,251.06 | **BROUSSARD** |
| 6 | TWENTY EIGHT | Marquis Management Inc | 7/25/05 | $2,214.30 | **ARMSTEAD** |

7 . . .

8 . . .

9 . . .

10 . . .

11 . . .

12 . . .

13 . . .

14 . . .

15 . . .

16 . . .

17 . . .

18 . . .

19 . . .

20 . . .

21 . . .

22 . . .

23 . . .

24 . . .

25 . . .

26 . . .

## FORFEITURE ALLEGATION ONE
Conspiracy

1. The allegation of Count One of this Superseding Criminal Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2. Upon a conviction of the felony offense charged in Count One of this Superseding Criminal Indictment,

**TERRYE J. ARMSTEAD,**
**DENISE DORSEY, a.k.a. JOZEE RILEY,**
**DENISE SPRATLEY,**
**NANCY FLEMING, and**
**NAOMI BROUSSARD**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a conspiracy to commit violations of Title 18 United States Code, Section 1344, up to $64,460.23, including, but not limited to:

    a. 2000 SILVER LINCOLN NAVIGATOR, NEVADA LICENSE PLATE NUMBER LV 478 SSD, VIN 5LMEU27A3YLJ21628, TITLED IN THE NAME OF TERRYE ARMSTEAD, REGISTERED IN THE NAME OF TERRYE ARMSTEAD.

    b. 1998 PORSCHE BOXSTER CONVERTIBLE, ARIZONA LICENSE PLATE 260 PNS, VIN WP0CA2981WU621523, TITLED IN THE NAME OF GENERAL MOTORS ACCEPTANCE, REGISTERED IN THE NAME OF NIKKI LEAN ROBINSON.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendants –

. . .

| | | |
|---|---|---|
| | a. | cannot be located upon the exercise of due diligence; |
| | b. | has been transferred or sold to, or deposited with, a third party; |
| | c. | has been place beyond the jurisdiction of the court; |
| | d. | has been substantially diminished in value, or; |
| | e. | has been commingled with other property that cannot be divided without difficulty; |

it is the intent of the United States of America to seek forfeiture of any properties of the defencant up to $64,460.23.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 982(b) and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
Conspiracy

1. The allegation of Count One of this Superseding Criminal Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon a conviction of the felony offense charged in Count One of this Superseding Criminal Indictment,

**TERRYE J. ARMSTEAD,**
**DENISE DORSEY, a.k.a. JOZEE RILEY,**
**DENISE SPRATLEY,**
**NANCY FLEMING, and**
**NAOMI BROUSSARD**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes, or is derived from, proceeds traceable to violations of Title 18 United States Code, Section 513(a), a "specified unlawful activity" as defined in 18 U.S.C. §1956(c)(7)(D), or a conspiracy to commit such offenses up to $64,460.23, including, but not limited to:

9

a. 2000 SILVER LINCOLN NAVIGATOR, NEVADA LICENSE PLATE NUMBER LV 478 SSD, VIN 5LMEU27A3YLJ21628, TITLED IN THE NAME OF TERRYE ARMSTEAD, REGISTERED IN THE NAME OF TERRYE ARMSTEAD.

b. 1998 PORSCHE BOXSTER CONVERTIBLE, ARIZONA LICENSE PLATE 260 PNS, VIN WP0CA2981WU621523, TITLED IN THE NAME OF GENERAL MOTORS ACCEPTANCE, REGISTERED IN THE NAME OF NIKKI LEAN ROBINSON.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been place beyond the jurisdiction of the court;
d. has been substantially diminished in value, or;
e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $64,460.23.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(p).

. . .

. . .

. . .

10

## FORFEITURE ALLEGATION THREE
Bank

1. The allegation of Counts Two through Twenty Eight of this Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2. Upon a conviction of the felony offense charged in Count Two through Count Twenty Eight of this Superseding Criminal Indictment,

**TERRYE J. ARMSTEAD,
DENISE SPRATLEY,
NANCY FLEMING, and
NAOMI BROUSSARD,**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of Title 18 United States Code, Section 1344, up to $64,460.23.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendants –

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been place beyond the jurisdiction of the court;
    d. has been substantially diminished in value, or;
    e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defencant up to $64,460.23.

. . .

. . .

1   All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)
2   and Title 21, United States Code, Section 853(p).
3   **DATED:** this ___27___ day of February 2007.
4   **A TRUE BILL:**
5
6   _____/S/_____
    FOREPERSON OF THE GRAND JURY
7
8   DANIEL G. BOGDEN
    United States Attorney
9
10
11  KIMBERLY M. FRAYN
    Assistant United States Attorney
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26